FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 SEP -7  PM 2: 26

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **CRIMINAL COMPLAINT** |
| v. | |
| **ALBERT GAINES,** | Case Number: *23-mj-66-J* |
| Defendant. | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about June 16, 2023, in the District of Wyoming, the Defendant, **ALBERT GAINES**, did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

### COUNT TWO

On or about June 16, 2023, in the District of Wyoming, the Defendant, **ALBERT GAINES**, did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

I further state that I am a Special Agent with the Wyoming Division of Criminal Investigation and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

Signature of Complainant
BRAD REINHART

1

Sworn and attested by the applicant before me by telephone, bearing a previous signature submitted by email communication in accordance with the requirements of Fed. R. Crim. P.4.1.,

September 7, 2023                    at       Cheyenne, Wyoming
_____                    _____
Date                                         City and State

HON. KELLY H. RANKIN
Chief United States Magistrate Judge         _____
_____                    Signature of Judicial Officer
Name & Title of Judicial Officer

2

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT BRAD REINHART
## U.S. v. ALBERT GAINES

I, Brad Reinhart, being duly sworn, state as follows:

1.      I am a Special Agent (SA) with the Division of Criminal Investigation (DCI) and have been so employed since January 2014. I have previously served as an Officer of the Casper Police Department (CPD) from May 2003, until January 2014. I was assigned as a Wyoming DCI Task Force Officer (TFO) from August 2010, until August 2013, while with CPD. I was assigned as a task force officer for the Drug Enforcement Administration (DEA) from May 2016 to May 2018.

2.      In over 20 years as a law enforcement officer in Wyoming, I have been trained in the recognition of controlled substances and paraphernalia used for ingesting, sales, transportation, and storage of controlled substances. I have attended the Drug Enforcement Administration's eighty hour, Basic Drug Investigator class, Division of Criminal Investigation's forty hour class, the Clandestine Laboratory Safety course, Drug ID and Symptomology, Performing Undercover Operations, Advanced Electronic surveillance, and Criminal Interdiction.

3.      I have participated and investigated cases resulting in convictions in circuit court, state district court, and federal court. You affiant has over two thousand four hundred training hours recognized by the Wyoming Peace Officer Standards and Training, of which several hundred training hours are related to the field of Narcotics and Death Investigations. As a matter of course, your Affiant has prepared and executed numerous search warrants in the conduct of such investigations. Your affiant has testified in state district and Federal court as an expert witness on drug conspiracy cases.

4.      The information contained within this sworn statement is based upon interviews conducted by me and other officers and investigators; my personal knowledge and observations; my training and experience; and the review of reports, documents, and records.

5.     Because this sworn statement is being submitted for the limited purpose of establishing probable cause to show that the Defendant, ALBERT GAINES, committed a violation of federal law, Possession with Intent to Distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), I have not included each and every fact known concerning this investigation, but have set forth only the facts I believe are necessary for this limited purpose.

6.     In January 2023, agents with the Wyoming Division of Criminal Investigation (DCI) began receiving information that Albert GAINES was involved in the use and distribution of controlled substances throughout the state of Wyoming.

7.     On April 25, 2023, SA Wilson and SA Reinhart conducted a recorded interview with a known but unnamed confidential source, hereafter referred to as CS 22303 at the Casper office of the Wyoming Division of Criminal Investigation.

8.     CS 22303 purchased blue pressed fentanyl pills from a male that CS 22303 knew as "AJ" approximately two weeks prior to the interview. CS 22303 knew "AJ" to drive a white SUV and to sell the pills for $10 each. CS 22303 advised "AJ" was also selling large quantities of methamphetamine. CS 22303 identified an unmarked photograph of Albert GAINES to be the male he knew as "AJ".

9.     On April 27, 2023, SA Holder and SA Paschke conducted a recorded interview with a known but unnamed confidential source, hereafter referred to as CS 32082. CS 32082 knew "AJ" to be Albert GAINES and that he travelled to Colorado in his white GMC SUV to obtain large quantities of methamphetamine and fentanyl to bring back to the Casper, Natrona County, Wyoming area to redistribute.

10.     CS 32082 knew GAINES to be working alongside KW in distributing controlled substances. CS 32082 had purchased fentanyl from KW within the previous two to three days of

the interview. CS 32082 observed GAINES and KW to be in possession of what CS 32082 believed to be one pound of methamphetamine, thousands of fentanyl pills and several guns. CS 32082 knew GAINES to utilize a residence near Beverly Street and 3rd in Casper, Wyoming.

11.     On the June 16, 2023, at approximately 1800 hours, Officer Bigelow and Officer Husted observed Albert GAINES and a female in the area of the F Street McDonalds (600 W F St) in a black Nissan passenger vehicle. Officers knew GAINES to be heavily involved in the possession and distribution of controlled substances and illegal firearms possession through numerous previous and recent investigations. Officers knew GAINES had been recently arrested where large quantities of fentanyl, methamphetamine, and firearms were located. Officers also knew GAINES to be federally prohibited from possessing firearms.

12.     GAINES and the unknown female entered the McDonalds drive through and ordered food. Prior to exiting the parking lot, GAINES and the unknown female observed officers nearby, abruptly re-entered the parking lot, parked, and GAINES and the unknown female entered McDonalds.

13.     Approximately 90 minutes later, employees at McDonalds contacted law enforcement advising a male and female, matching the exact description of GAINES and the unknown female, had been observed consuming controlled substances in the bathroom. After GAINES tried to bribe the employee with $150 to not call the cops, GAINES and the unknown female left abruptly on foot and were not initially located by officers.

14.     A short time later, officers observed the black Nissan passenger vehicle exiting the McDonalds parking lot. Officers contacted the driver, TH, who advised she had been picked up by GAINES and driven to McDonalds to retrieve the vehicle, which she was the registered owner of. TH stated GAINES told her he was going back to his apartment, and TH didn't know what was

going on, other than she wanted her vehicle back. Further, TH indicated GAINES had taken her vehicle the day prior and had been the sole utilizer of the vehicle for the last 24+ hours. Officers spoke with TH, who stated GAINES had been using her vehicle for 24 hours and she was angry he had another female in the vehicle. TH stated she had been in a romantic relationship with GAINES, and she knew him to stay on Boulder Drive. TH stated GAINES had picked TH up in a burnt orange or tan Jeep and dropped her off at the Quality Inn so she could get her vehicle back.

15.     A free air sniff of the black Nissan passenger vehicle was conducted by Officer Price and his K9 Partner, K9 Buster, which positively indicated to the presence of controlled substances. A search of the vehicle was conducting locating the following items;

- A pipe with suspected fentanyl residue (presumptive positive for fentanyl (Husted)-Detectachem)
- A tin with suspected marijuana residue
- A pink Sccy CPX2 (UNK serial number due to a lock on the trigger guard)
- A Citadel Boss 12G shotgun (23FR-TG1598)
- A Stevens Model 320 12G shotgun (160895B)
- A Mossberg 12G shotgun (U551141)
- Hornady 9mm ammunition
- A drum magazine • Amend 30 round magazine
- A black 9mm P-Mag
- A Glock 19X (BPEK639)-Returned Stolen NCIC (23-037027)
- A Springfield Saint (ST176671)
- A Smith & Wesson M&P .22 Long Rifle (DTU0957)
- A green Beretta APX (A231075X)

16.     Officers then went to Boulder Drive to try to locate GAINES and arrest him for the possession of fentanyl and possession of the stolen firearms located in the black Nissan. Officers located a white GMC Arcadia parked in front of 12** Boulder Dr. Officers knew this vehicle belonged to GAINES, and it was registered to him. A short time later, GAINES exited 12** Boulder Dr and was taken into custody. Officer Kauffman searched GAINES incident to arrest and located the following items;

- 1.8g of blue M30 fentanyl pills
- 47.1g of methamphetamine
- $1,097 in US Currency
- A blue scale with methamphetamine residue
- A receipt for McDonald's on F Street which matched the time Officers Husted and Bigelow observed GAINES at McDonald's.

17.     While conducting the investigation, apartment complex occupants indicated GAINES had exited apartment #1** just prior to interacting with police. Officers knocked on the apartment door and contacted the apartment renter, NR. NR advised GAINES had just left the apartment, and a female was possibly still in the apartment. Officers announced their presence and no one responded. Anticipating a search warrant on the apartment, officers conducted a protective sweep to look for persons present who could destroy potential evidence.

18.     During the sweep, officers observed in a back bedroom and in plain view, fentanyl in the form of blue pills, methamphetamine, paraphernalia, and firearms parts. Additionally, clothing known to be associated with GAINES was observed. Apartment complex occupants also pointed out a dark green 1996 GMC Sierra, parked on the street directly in front of the apartment

complex. Apartment complex occupants stated GAINES had been known to be drive the truck. Apartment complex occupants stated GAINES utilizes the vehicle frequently and had driven it recently.

19.    As agents and CPD officers were awaiting the search warrant, a CPD officer transported GAINES to the Natrona County Detention Center (NCDC) due to possibly having controlled substances in his rectum. Agents were advised that GAINES was transported to the hospital due to possibly overdosing on narcotics.

20.    Officer Bigelow applied for and was granted a search warrant for 12** Boulder Dr #1**, the white GMC Arcadia, and the green GMC Sierra. Officers executed the search warrants and located the following items;

- 29.1g of fentanyl (blue M30 pills) in the white Arcadia on the driver's floorboard

- 2g of methamphetamine on the driver's floorboard in the white Arcadia

- .8g of methamphetamine in a WD-40 stash can in the passenger side of the white Arcadia

- A purple scale with methamphetamine residue on the driver's floorboard in the white Arcadia

- A Grey lock box in the bedroom belonging to GAINES containing 32.8g of fentanyl (blue M30 pills) and approximately $10,000 in cash

- A black Automatic Glock handgun (BDKH314) in the bedroom belonging to GAINES

- A Micro Roni (used to convert a Glock handgun into a short-barreled rifle) in the bedroom belonging to GAINES

- A tan 30 round magazine in the bedroom belonging to GAINES

- 2 black Beretta magazines in the bedroom belonging to GAINES

- An AK-47 magazine in the bedroom belonging to GAINES

- A box for the Beretta in the bedroom belonging to GAINES which matched the Beretta by serial number which was located in the black Nissan on the original traffic stop at McDonald's

- A marijuana pipe with marijuana residue

- A bong with suspected methamphetamine residue

- A mirror with a fentanyl pill and suspected methamphetamine residue on it (blue M30 pill)

- A small bag of methamphetamine located in a female's glasses case in Russell's bedroom

- A methamphetamine pipe located in the top left drawer of the bathroom connected to Russell's bedroom

- A tooter with suspected fentanyl residue located in the top left drawer of the bathroom connected to Russell's bedroom

- A piece of tinfoil with burnt residue on it (presumptive positive for fentanyl) located in the top left drawer of the bathroom connected to Russell's bedroom.

21.     Officers collected all items. Due to the amount of controlled substances and US currency located, as well as firearms (knowing Gaines is federally prohibited from possessing firearms), DCI Agents Roden and McCloud were called to the scene. Agents Roden and McCloud collected all evidence except for the items located in Russell's bedroom/bathroom.

22.     All items were transported to the DCI CEET Office where agents received presumptive positive results using the TRUNARC on the suspected methamphetamine and fentanyl. CPD Officers took possession of the controlled substances claimed by RUSSELL.

23.     On June 20, 2023, SA Reinhart applied for and received a Search Warrant for the digital content of Albert GAINES' black Samsung cell phone, which had been collected at the time of GAINES arrest on June 16, 2023.

24.     On the phone, SA Reinhart observed multiple photos of GAINES, firearms, firearm accessories, and a check with his name on it.SA Reinhart observed one photograph which was taken on June 11, 2023, at approximately 11:34 pm. The photograph showed the lap of an individual with two semi-automatic handguns on the individual's legs. SA Reinhart observed one of the handguns to be a flat dark earth colored Glock, model 19X handgun. SA Reinhart observed the other firearm to appear to be a green and black Beretta APX handgun with threaded barrel and attached weapon light. SA Reinhart observed the Glock, model 19X to match a stolen firearm and knew both firearms had been recovered from a black Nissan passenger car that GAINES was driving on June 16, 2023.

25.     Callie DWINELL to GAINES on June 13, 2023 - "Dude tanner has my glock switch that's a thousand dollars" to which DWINELL responded, "Wya I need to see u".

**END OF SWORN STATEMENT**

**PENALTY SUMMARY**

| | |
|---|---|
| **DEFENDANT NAME:** | **ALBERT GAINES** |
| **DATE:** | September 7, 2023 |
| **INTERPRETER NEEDED:** | No |
| **VICTIM(S):** | No |

**OFFENSE/PENALTIES:**

**Ct: 1**  **21 U.S.C. §§ 841(a)(1), (b)(1)(C)**
(Possession with Intent to Distribute Fentanyl)

0-20 Years Imprisonment
Up To $1,000,000 Fine
Nlt 3 Years To Life Supervised Release
$100 Special Assessment

**Ct: 2**  **21 U.S.C. §§ 841(a)(1), (b)(1)(C)**
(Possession with Intent to Distribute Methamphetamine)

0-20 Years Imprisonment
Up To $1,000,000 Fine
Nlt 3 Years To Life Supervised Release
$100 Special Assessment

**TOTALS:**

0-40 Years Imprisonment
Up To $2,000,000 Fine
Nlt 3 Years To Life Supervised Release
$200 Special Assessment

| | |
|---|---|
| **AGENT:** | Brad Reinhart, DCI |
| **AUSA:** | Timothy J. Forwood, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |

1

**WILL THE GOVERNMENT
SEEK DETENTION IN THIS
CASE:**              Yes

**ARE THERE DETAINERS
FROM OTHER
JURISDICTIONS:**     No

2