Timothy J. Forwood
Wyoming State Bar No. 6-4120
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
timothy.forwood@usdoj.gov

Wendy Curtis Palen
Wyoming State Bar No. 6-3396
Palen Law Offices, LLP
P.O. Box 156
Glendo, Wyoming 82213
(307) 735-4022
palenlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ALBERT REUBEN GAINES,**<br><br>Defendant. | Criminal No: 23-CR-103-S and<br>23-CR-127-S |

### JOINT MOTION TO CONTINUE JURY TRIAL

The United States of America, by and through Assistant United States Attorney Timothy J. Forwood, and the Defendant through his counsel, Wendy Curtis Palen, respectfully moves the court to continue the Jury Trial currently set for on April 1, 2024, at 9:00am.  In support of its motion, the government offers the following:

**Procedural History**

**23-CR-103-S:**

The Defendant was charged by Complaint on June 30, 2023, with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF 1).

The Defendant was subsequently indicted for the same charge on July 19, 2023 (ECF 4). The Defendant was arrested on December 12, 2023, and made his initial appearances on December 13, 2023. (ECFs 22 and 16). On December 18, 2023, the Defendant had his Arraignment/Detention hearing where he pled not guilty and was detained. (ECF 23). A jury trial was set for February 20, 2024, at 9:00am. The court also issued its discovery order that day requiring the government to disclose evidence by the government by January 2, 2024.

Discovery was provided by the discovery deadline and the United States, pursuant to the discovery order, has continued to provide relevant discovery in the matter as it is received.

**23-CR-127-S:**

The Defendant was charged by Complaint on September 7, 2023, with one count of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (ECF 1).

The Defendant was subsequently indicted with one count of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(8), one count of Use of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C.

§ 924(c)(i), and one count of Possession of a Machine Gun in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2). (ECF 4). The Defendant was arrested on December 12, 2023, and made his initial appearance on December 13, 2023. (ECFs 21 and 15). On December 18, 2023, the Defendant had his Arraignment/Detention hearing where he pled not guilty and was detained. (ECF 22). A Jury trial was set for February 20, 2024, at 9:00am. The court also issued its discovery order that day requiring the government to disclose evidence by the government by January 2, 2024.

Discovery was provided by the discovery deadline and the United States, pursuant to the discovery order, has continued to provide relevant discovery in the matter as it is received.

On January 29, 2024, the Defendant filed its Unopposed Motion to Continue Trial Date (ECF 30), and on February 1, 2024, the court granted the motion and the Jury Trial was reset to April 1, 2024 (ECF 32).

**Speedy Trial Act**

The Speedy Trial Act imposes various deadlines in connection with federal criminal cases. Among other things, the Act generally requires trial to begin within seventy days of the filing of an information or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, periods of time specified in 18 U.S.C. § 3161(h) are "excluded in computing the time within which an information . . . must be filed, or in computing the time within which the trial of any such offense must commence." Relevant to the United States' request, 18 USC § 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) sets forth a non-exclusive list of factors a court must consider in determining whether to grant an ends-of-

justice continuance. *See Zedner v. United States*, 547 U.S. 489, 498-99 & n.3 (2006). As a general matter, a court has discretion to order an ends-of-justice continuance during an emergency. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming an ends-of-justice continuance occasioned by the eruption of Mount St. Helens in 1980). The court must make the required findings before granting the continuance and set forth its reasons on the record. 18 U.S.C. § 3161(h)(7)(A); *Zedner*, 547 U.S. at 506-07.

The Tenth Circuit has summarized the procedural requirements for an ends-of-justice continuance as follows:

> Before granting an ends-of-justice continuance, the district court must consider several factors. See 18 U.S.C. § 3161(h)(7)(B) (listing factors). Further, the court must make express findings on the record stating its reasons for granting a continuance. But while the record must clearly establish the district court considered the proper factors at the time it granted the continuance, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself.

*United States v. Zar*, 790 F.3d 1036, 1044 (10th Cir. 2015) (citations and quotation marks omitted). *See also, e.g., United States v. Loughrin*, 710 F.3d 1111, 1119 (10th Cir. 2013).

**Discussion**

    A.  Factual Background

The Defendant is in two dockets 23-CR-103 and 23-CR-127. In 23-CR-103- the Defendant was involved in a traffic wreck and arrested for driving under the influence. When police officers searched the Defendant's person, they discovered to small blue pills that appeared to be fentanyl. During a search of his vehicle, law enforcement discovered marijuana, marijuana paraphernalia, ammunition, and a handgun. When this conduct occurred, the Wyoming Division of Criminal Investigation was already investigating the Defendant for drug trafficking.

Just 11 days later, June 16, 2023, the Defendant was arrested in 23-CR-127. In the June 16 case, law enforcement officers stated they observed the Defendant in a black Nissan at a Casper McDonalds. The Nissan was ultimately left unoccupied at the McDonalds. Another woman arrived shortly after and began to drive the black Nissan away from McDonalds. She was pulled over, and the black Nissan was searched. During the search, Casper police officers discovered the following:

- A pipe with suspected fentanyl residue (presumptive positive for fentanyl
- A tin with suspected marijuana residue
- A pink Sccy CPX2 (UNK serial number due to a lock on the trigger guard)
- A Citadel Boss 12G shotgun (23FR-TG1598)
- A Stevens Model 320 12G shotgun (160895B)
- A Mossberg 12G shotgun (U551141)
- Hornady 9mm ammunition
- A drum magazine
- Amend 30 round magazine
- A black 9mm P-Mag
- A Glock 19X (BPEK639)-Returned Stolen NCIC
- A Springfield Saint (ST176671)
- A Smith & Wesson M&P .22 Long Rifle (DTU0957)
- A green Beretta APX (A231075X)

After officers searched the car, other law enforcement went to a residence that was reported to be the residence of the defendant. Officers saw the Defendant near the residence, arrested him, and a search incident to arrest yielded the following:

- 1.8g of blue M30 fentanyl pills
- 47.1g of methamphetamine
- $1,097 in U.S. currency
- A blue scale with methamphetamine residue

After his arrest, law enforcement searched the residence and other vehicles. During the search, law enforcement discovered the following:

- 29.1g of fentanyl (blue M30 pills) in the white Arcadia on the driver's floorboard
- 2g of methamphetamine on the driver's floorboard in the white Acadia

- .8g of methamphetamine in a WD-40 stash can in the passenger side of the white Arcadia
- A purple scale with methamphetamine residue on the driver's floorboard in the white Acadia
- A grey lock box in a bedroom containing 32.8g of fentanyl (blue M30 pills) and approximately $10,000 in cash
- A black automatic Glock handgun (BDKH314)
    - This Glock contained a Glock Switch and was fully automatic
    - 
- A Micro Roni (used to convert a Glock handgun into a short-barreled rifle)
- A tan 30 round magazine
- 2 black Beretta magazines
- An AK-47 magazine
- A box for the Beretta which matched the Beretta by serial number which was located in the black Nissan on the original traffic stop at McDonald's
- A marijuana pipe with marijuana residue
- A bong with suspected methamphetamine residue
- A mirror with a fentanyl pill and suspected methamphetamine residue on it (blue M30 pill)
- A small bag of methamphetamine located in a female's glasses case in NR's bedroom
- A methamphetamine pipe located in the top left drawer of the bathroom connected to NR's bedroom
- A tooter with suspected fentanyl residue located in the top left drawer of the bathroom connected to NR's bedroom
- A piece of tinfoil with burnt residue on it (presumptive positive for fentanyl) located in the top left drawer of the bathroom connected to NR's bedroom.

B. Joinder

The Defendant is charged under two dockets from incidents from two separate days, June 5, 2023 and June 16, 2023. The June 5 indictment, 23-CR-103, was returned on July 19, 2023, and the June 16 indictment, 23-CR-1237was returned on September 20, 2023. Though the conduct occurred 11 days apart, there are sufficient similarities between the two.

The United States intends to file a motion to join both dockets for trial. The Defendant indicates that he intends to object. Federal Rule of Criminal "The Federal Rules of Criminal Procedure liberally encourage the joining of parties and charges in a single trial." *Ashe v. Swenson*, 397 U.S. 436, 454-55 (1970) (Brennan, J. concurring). *See* Fed. R. Crim. P. 8, 13. Pursuant to rule 13, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13.

The United States is not advocating for the joinder of the two cases in this pleading. However, it is anticipated that there may need to be a hearing regarding the motion to join the cases. Relatedly, if the cases are not joined, the United States would still seek the introduction of the events of each case in the trials under Rule 404(b).

C. Discovery

Defense counsel has informed the United States that it is still reviewing discovery in this matter and seeks additional time to process that discovery. The United States has complied with its discovery obligations pursuant to the discovery order. As recent as February 27, 2024, the United States received additional discovery including the Wyoming State Crime Lab report. The United States reviewed the material, and the additional discovery was provided to the defendant on that same day.

Defense counsel needs additional time to review the new lab reports and discovery with the Defendant. Additionally, the discovery includes numerous body cam and dash cam videos. The Defendant has been provided the discovery on a hard drive but he has been informed by Platte County Detention Staff that he cannot review the discovery in the detention center as the federal computer is broken. This review will better inform the parties of potential consequences for the defendant and will allow the parties to continue to work through plea negotiations. Analysis of potential guideline sentences in this case have been more complicated than other cases. Specifically, the parties recently researched whether the Defendant's criminal history would qualify him as a career offender under the United States Sentencing Guidelines. On March 1, 2024, the United States communicated with an attorney from the United States Sentencing Commission and believe that the Defendant does not qualify as a career offender. Yet this demonstrates the complications that are associated with plea negotiations in this matter. The parties are using due diligence but need additional time.

D. Motion to Continue

The ends of justice support a motion to continue. The Defendant is charged in separate indictments, and though the two matters are not overly complicated, the interwoven nature of both cases, the nature of the firearms, and the type of evidence complicates the issue. Due to this, both parties believe a one-month continuance provides the United States and the Defendant sufficiently prepare their cases. This brief continuance also provides additional opportunity for the parties to sufficiently review the potential consequences under the sentencing guidelines for the Defendant's conduct. Lastly, the continuance will provide the court additional time to hold hearings regarding potential motions such as joinder and 404(b). A continuance will promote economy of judicial

resources while providing the Defendant time to weigh the evidence and his options in proceeding with trial.

The parties are hopeful that the case will be resolved. However, the parties are concerned that it may not be resolved before the Monday, March 25, 2024, deadline for Plea Agreements to be filed set by the court through the Discovery and Scheduling Order.

**WHEREFORE**, the parties respectfully requests that the Jury Trial currently set on April 1, 2024, be vacated and reset to a date that is most convenient to the court.

**DATED** this 7th day of March, 2024.

                                          NICHOLAS VASSALLO
                                          United States Attorney

By:   */s/ Timothy J. Forwood*
        TIMOTHY J. FORWOOD
        Special Assistant United States Attorney